IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Dukes, | ) C/A No. 0:13-157-JFA-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Michael McCall, *LCI*, | ) |
| Respondent. | ) |

The petitioner, Michael A. Dukes ("Petitioner"), a self-represented state prisoner, challenges his confinement in a habeas petition. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed as successive.

## BACKGROUND

Petitioner is serving an eighteen-year sentence imposed August 9, 2005 in Horry County following conviction on crack cocaine trafficking charges. Petitioner previously challenged this conviction in C/A No. 0:11-819-JFA-PJG. On summary judgment in that prior case, the petition was dismissed as all of the grounds raised were procedurally barred from federal review. See ECF No. 20, C/A No. 0:11-819-JFA-PJG. Petitioner again challenged that conviction in C/A No. 0:12-3445-JFA-PJG, which is pending following a Report and Recommendation in which the assigned magistrate judge recommended dismissal on the grounds that the petition is successive. See ECF No. 7, C/A No. 0:12-

3445-JFA-PJG. Petitioner now appears to challenge his conviction a third time by filing a Petition on a form that is court-approved for federal prisoners to pursue habeas relief under 28 U.S.C. § 2241.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.

1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As stated above, Petitioner uses a form that is court-approved for federal prisoners to pursue habeas relief under 28 U.S.C. § 2241.  However, Petitioner is not challenging the execution or implementation of his sentence; rather, Petitioner seeks release from confinement and appears to challenge his conviction, raising claims of ineffective assistance of counsel.[1]  These challenges may only be raised pursuant to 28 U.S.C. § 2254.  Therefore, the instant Petition is analyzed as one brought pursuant to § 2254.

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus, which can be sought only after a petitioner has exhausted his state court remedies.  See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241).

---

[1] The court observes that the United States Court of Appeals for the Fourth Circuit has noted that there is a split of authority in whether § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction.  See Gregory v. Coleman, 218 F. App'x 266, 267 n.1 (4th Cir. 2007).



As noted above, Petitioner has filed two prior § 2254 habeas corpus actions in this court. This court may take judicial notice of Petitioner's prior § 2254 case. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). The instant Petition is successive and therefore cannot be entertained without leave from the United States Court of Appeals for the Fourth Circuit.

Regardless of whether these particular grounds for relief have been presented before, they cannot be presented in this successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[2] Petitioner has presented no facts that relate to any of the statutory exceptions.

The "AEDPA does not define 'second or successive.' " United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a

---

[2] As stated in 28 U.S.C. § 2244(b)(2), an exception applies if:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.



petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). See Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive) (abrogated on other grounds, Skinner v. Switzer, 131 S.Ct. 1289 (2011)).

As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules.[3] Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn.3-5 (4th Cir. 1985); see also McClesky v. Zant, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, 92 F.3d 1336 (4th Cir. 1996).

## RECOMMENDATION

Accordingly, the court recommends that the § 2254 Petition in the above-captioned case be dismissed without prejudice as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims

---

[3] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."



are either barred from review or without merit); and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

February 28, 2013
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).