UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael A. Dukes, | ) | C/A No. 0:13-157-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Michael A. Dukes, brings this action pursuant to 28 U.S.C. § 2241 challenging his state court conviction and sentence.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation suggesting that the § 2241 petition is actually a successive petition under 28 U.S.C. § 2254 and that it should be summarily dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously raised a challenge to his state conviction in *Dukes v. Padula* (C/A No. 0:11-819-JFA-PJG), wherein the court dismissed the petition because all of the grounds raised were procedurally barred. In addition, the Magistrate Judge has issued a separate Report and Recommendation

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

regarding petitioner's other successive petition under § 2254 (C/A No. 0:12-3445-JFA-PJG). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on February 28, 2013. The petitioner filed timely objections which this court has reviewed *de novo*. In his objection memorandum, the petitioner asks the court to excuse the procedural default, which was the basis of the court's decision to dismiss earlier habeas case (C/A No. 0:11-819-JFA-PJG). Petitioner then continues his argument that he was illegally arrested and convicted. The court has no authority to excuse the petitioner's procedural default and indeed such issue has been fully discussed and adjudicated in the previous petition. The petitioner's objections are thus overruled.

The Magistrate Judge is correct in her opinion that the claims raised in this § 2241 petition are actually successive § 2254 challenges to his conviction and claims of ineffective assistance of counsel. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is

dismissed without prejudice and without issuance and service of process. The Clerk is authorized to terminate the plaintiff's motion to amend.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

June 4, 2013
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

3